IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SACHINDRA KANNA KOPPULA and SINDHU PENUGONDA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:22-CV-844-RP |
| UR M. JADDOU, *Director, U.S. Citizenship and Immigration Services* and ANTONY BLINKEN, *Secretary, U.S. Department of State* | § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the United States Citizenship and Immigration Services' ("USCIS") Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, (Dkt. 20), and the United States Department of State's ("DOS") Motion to Dismiss, (Dkt. 30). Plaintiffs Sachindra Kanna Koppula and Sindhu Penugonda (together, "Plaintiffs") filed responses, (Dkts. 25, 32), and Defendants filed replies, (Dkts. 28, 33). Having considered the parties' briefs, the record, and the relevant law, the Court finds that Defendants' motions should be granted.

## I. BACKGROUND

This case involves USCIS' and DOS's visa retrogression policies. Non-citizens with approved immigrant visas may apply for adjustment of status and permanent residence if (1) they are eligible for an immigrant visa, (2) they are admissible, and (3) an immigrant visa number is immediately available to them when their application is filed. 8 U.S.C. § 1255(a). Once their adjustment of status application is approved,

> . . . the Attorney General shall record the alien's lawful admission for permanent residence as of the date the order of the Attorney General approving the application for the adjustment of status is made, and the Secretary of State shall reduce by one the number of the preference visas authorized to be issued under sections 1152 and

1

> 1153 of this title within the class to which the alien is chargeable for the fiscal year then current.

8 U.S.C. § 1255(a).

USCIS and DOS require applicants to have a visa "immediately available" at the time of application and at the time of adjudication of their application. (USCIS' Mot., Dkt. 20, at 4). Given that the number of eligible visas each year is limited, USCIS and DOS manage demand by issuing a "visa bulletin" every month. (*Id.*). *See generally The Visa Bulletin*, U.S. Dept. of State, https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin.html (last visited May 12, 2023). This document identifies a "current" date each month. (USCIS' Mot., Dkt. 20, at 4). A visa number considered "immediately available" when an applicant's priority date is before the "current" date. (*Id.*). "Current" dates do not change chronologically, or at regular intervals. A category's "current" date can advance or retrogress on any given month, based demand. (*Id.* at 5–6).

Plaintiffs are citizens and nationals of India living and working in the United States in lawful H-1B status. (Am. Compl., Dkt. 11, at 2, 13). Both are the beneficiaries of approved immigrant visa petitions with a priority date of September 2013, and both filed Form I-485, Adjustment of Status Applications, based on their approved visa petitions, on September 10, 2021. (*Id.* at 14). Koppula's and Penugonda's "priority dates were current under the September 2022 Visa Bulletin, but their priority dates are not current under the October 2022 Visa Bulletin." (USCIS' Mot., Dkt. 20, at 6). Their applications remain pending.

Plaintiffs filed this action and a motion for preliminary injunction on August 19, 2022. (Compl., Dkt. 1; Mot. Prel. Inj., Dkt. 3). They ask the Court to compel USCIS to act, per 5 U.S.C. § 706(1) and 5 U.S.C. § 555(b). (Am. Compl., Dkt. 11, at 19–22). Plaintiffs amended their complaint and their motion for preliminary injunction on September 22, 2022. (Am. Compl., Dkt. 11; Am. Mot., Dkt. 12). The Court denied the motion for preliminary injunction on November 2, 2022. (Order, Dkt. 21). On October 25, while the motion for preliminary injunction was pending, USCIS

filed a motion to dismiss. (Dkt. 20). On January 13, 2023, DOS filed its own motion to dismiss, (Dkt. 30). Plaintiffs filed responses for each motion, (Dkts. 25, 32), and Defendants filed replies, (Dkts. 28, 33).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III. DISCUSSION

The APA allows courts to compel agency action when the action has been "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also* 5 U.S.C. § 555(b) ("[W]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it."). However, "'a claim under § 706(1) can proceed only where a plaintiff asserts that an agency [1] failed to take a *discrete* action that [2] it is *required to take*.'" *Li v. Jaddou*, No. 22-50756, slip op. at 2, (W.D. Tex. May 12, 2023) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (numbering added)). "A

court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." *Fort Bend Cnty. v. United States Army Corps of Engineers*, 59 F.4th 180, 197 (5th Cir. 2023) (quoting *SUWA*, 542 U.S. at 63).

As the Fifth Circuit recently stated, "[a]lthough Congress enacted an aspirational goal of six months, 8 U.S.C. § 1571(b) ("180 days")" to rule on I-485 petitions, "there is no clear mandate here such that we can say the USCIS [or DOS were] *required* to act within six months, or even within a year." *Li*, slip op. at 3. Although Plaintiffs' applications had been pending for longer than the applications in *Li*, the facts are not substantially different. There is no clear mandate or binding regulation stating USCIS or DOS were required to act within the time frame at issue. Without a clear mandate, the Court has no jurisdiction over Plaintiffs' claims. Therefore, it must dismiss all claims in this case.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that the United States Citizenship and Immigration Services' motion to dismiss, (Dkt. 20), is **GRANTED**. Plaintiffs' claims against USCIS are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the United States Department of State's motion to dismiss, (Dkt. 30), is **GRANTED.** Plaintiffs' claims against the Department of State are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on May 15, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE